IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NISSA MUHAMMAD,              § | |
|     Plaintiff,                     § | |
| § | |
| v.                                            § | CIVIL NO. 3:15-CV-3805-M-BK |
| § | |
| OCWEN LOAN SERVICING,        § | |
| INC. C/O SETERUS, INC., MACKIE § | |
| WOLF ZIENTZ and MANN, PC,    § | |
|     Defendants.                § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this cause came before the undersigned for pretrial management. Now before the Court are Defendants' motions to dismiss. Doc. 11; Doc. 12; Doc. 14. For the reasons that follow, the claims against Defendant Mackie Wolf Zientz and Mann, PC ("Mackie Wolf") should be **DISMISSED** for lack of jurisdiction, and the remaining Defendants' motions to dismiss should be **GRANTED**.

**A.  Procedural History**

This case stems from a foreclosure action filed in state court in October 2015, relating to Plaintiff's residence at 1215 Whispering Oaks Drive, De Soto, Texas (the "Property"). Doc. 1-1 at 5. Plaintiff alleges in her state court petition that Defendant Ocwen has wrongfully claimed to be the owner of the Property, which clouded Plaintiff's title. Doc. 1-1 at 6. Plaintiff sues Defendants for (1) wrongful foreclosure; (2) fraudulent misrepresentation; (3) violation of the Truth in Lending Act ("TILA"); (4) violation of the Fair Credit Reporting Act ("FCRA"); (5) breach of fiduciary duty; (6) unjust enrichment; (7) civil conspiracy; (8) fraud; and (9) usury; she also sought to quiet title in her name and injunctive relief. Doc. 1-1 at 9-21. Plaintiff contends that the statute of limitations for several of her causes of action commenced in April 2010, *inter alia*, her claims for

(1) TILA violations; (2) FCRA violations; (3) breach of fiduciary duty; (4) unjust enrichment; (5) civil conspiracy; (6) fraud; and (7) usury. Doc. 1-1 at 11-14, 16-19.

In November 2015, Defendant Ocwen removed the state court action to this Court based on diversity jurisdiction, alleging that the Texas law firm Mackie Wolf was improperly joined; thus, its presence in the suit should be disregarded for purposes of assessing whether the Court had diversity jurisdiction. Doc. 1 at 2, 4. Defendants now move to dismiss Plaintiff's claims. Doc. 11; Doc. 12; Doc. 14.

**B. Applicable Law**

Under 28 U.S.C. § 1446, a defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. 28 U.S.C. §§ 1441(a), (b). A federal district court has original jurisdiction of an action between citizens of different states when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Thus, a state case involving opposing parties from different states is removable. 28 U.S.C. § 1441. The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *St. Paul Reinsurance Co. Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

In evaluating citizenship for purposes of determining whether complete diversity exists, the court considers only the citizenship of real and substantial parties to the litigation and does not take into account nominal or formal parties that have no real interest in the case. *Navarro Sav. Ass'n v. Lee* , 446 U.S. 458, 460-61 (1980). Consequently, a defendant may argue that a plaintiff has improperly joined a non-diverse defendant for purposes of defeating diversity jurisdiction, but the defendant's burden of persuasion is a heavy one. *Travis v. Irby,* 326 F.3d 644, 648-49 (5th Cir. 2003).

2

There are two general grounds upon which a court can find that a plaintiff improperly joined a defendant in an effort to defeat diversity jurisdiction: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (quotation omitted). Only the latter ground is at issue in this case. To support removal on that basis, the non-diverse defendant must show that there is no possibility that the plaintiff can state a claim against it in state court. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). In making that determination, the district court asks whether there is any reasonable basis for the court to predict that the plaintiff might be able to recover against the non-diverse defendant. *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*). To that end, the district court must conduct a Rule 12(b)(6)-type analysis, applying the federal pleading standard rather than the state pleading standard. *Int'l Energy Ventures Mgmt, L.L.C. v. United Energy Group, Ltd.*, − F.3d −, 2016 WL 1274030, at *3, 8 (5th Cir. March 31, 2016). The court looks at the allegations of the complaint to determine whether it states a claim against the in-state defendant. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

**C. Arguments and Analysis**

   *1. Jurisdiction Over Non-Diverse Party*

Defendant law firm Mackie Wolf argues in its Rule 12(b)(6) motion that the claims against it should be dismissed because (1) Plaintiff's allegations do not support an independent claim against Mackie Wolf; (2) Plaintiff's claims are barred by attorney immunity; and (3) Plaintiff's claims fail as a matter of law.[1]  Doc. 12 at 2.  Plaintiff's response contains only a vague allegation that she has complied with the pleading requirements of Rule 8(a) and that the Court has subject matter jurisdiction over the case.  Doc. 17 at 2-3.

Plaintiff names Mackie Wolf in this case in its capacity as substitute trustee. *See* Doc. 1-1 at 5-6, 8-12, 20, 22.  However, Mackie Wolf states that it represented Defendant Ocwen as legal counsel.  Doc. 13 at 5.  Either way, Plaintiff's claims against Mackie Wolf fail because the law firm is a nominal party whose citizenship should be disregarded for purposes of assessing diversity jurisdiction. *See Troice v. Proskauer Rose, LLP*, − F.3d − , 2016 WL 929476, at *5-6 (5th Cir. March 10, 2016) (finding that an attorney who represented financial entities that were involved in fraudulent scheme was entitled to invoke attorney immunity exception to law suit where the attorney's conduct was of the type that an attorney would regularly engage in when discharging his

---

[1] Although Mackie Wolf also argues for the dismissal of the case against attorney Carl Neindorff, he does not appear to be a named defendant in this action.

4

duties to a client); *Eisenberg v. Deutsche Bank Trust Co. Ams.*, No. SA-11-CV-384-XR, 2011 WL 2636135, at *3-4 (W.D. Tex. 2011) (finding that substitute trustees named solely in that capacity were nominal parties to a suit to enjoin foreclosure); *Cantor v. Wachovia Mortgage FSB*, 641 F. Supp. 2d 602, 612 (N.D. Tex. 2009) (Lynn, J.) (disregarding citizenship of trustee after finding that trustee was improperly joined); *see also Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy").

Considering the parties' pleadings and the applicable law, the undersigned concludes that Plaintiff has failed to state a claim against Mackie Wolf sufficient to survive a Rule 12(b)(6) inquiry. Thus, the Court should find that the firm was improperly joined for purposes of defeating diversity jurisdiction and its citizenship should be disregarded. Accordingly, Plaintiff's claims against Mackie Wolf should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. Mackie Wolf's motion to dismiss should be **DENIED AS MOOT**.

   *2. Statutes of Limitation*

The remaining Defendants argue that several of Plaintiff's causes of action are barred by the statute of limitations, as she has expressly admitted that such claims accrued in April 2010, but she did not file her lawsuit until more than five years later. Doc. 11 at 12-14; Doc. 15 at 3-7.

Although the statute of limitations is an affirmative defense, a defendant may move for dismissal under Rule 12(b)(6) if the facts giving rise to this defense appear on the face of the complaint. *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994) (affirming the Rule 12(b)(6) dismissal of a complaint as time-barred when the suit was filed after the limitations period had run, and plaintiff could not invoke the "discovery rule").

In the case at bar, Plaintiff admits in her petition that the statute of limitations for her claims for (1) TILA violations; (2) FCRA violations; (3) breach of fiduciary duty; (4) unjust enrichment; (5) civil conspiracy; (6) fraud; and (7) usury began to run in April 2010.  Doc. 1-1 at 11-14, 16-19.  She filed her state court petition on October 26, 2015.  As such, all of the above claims are time-barred.  *See* 15 U.S.C. § 2614 (setting forth a one-year limitations period for TILA claims); 15 U.S.C. § 1681p (providing that the limitations period under the FCRA is the earlier of two years after the date of discovery of the violation by the plaintiff or five years after the date on which the violation occurred); TEX. CIV. PRAC. & REM. CODE § 16.004(5) (four-year limitations period for breach of fiduciary duty); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998) (two-year limitations period for unjust enrichment); *Stroud v. VBFSB Holding Corp.*, 917 S.W.2d 75, 82 (Tex. App.—San Antonio 1996) (two-year limitations period for civil conspiracy); TEX. FIN. CODE § 305.006 (two-year limitations period for usury); TEX. CIV. PRAC. & REM. CODE § 16.004(4) (two-year limitations period for fraud).  Accordingly, these claims should be **DISMISSED WITH PREJUDICE** as barred by the applicable statutes of limitation.

### 3. Wrongful Foreclosure

Defendant Ocwen argues that Plaintiff's wrongful foreclosure claim fails because she did not allege that she has been dispossessed of the Property, and Texas does not recognize a cause of action for attempted wrongful foreclosure.  Doc. 11 at 20.  Defendant Seterus argues that Plaintiff's claim fails because she did not allege a defect in the foreclosure sale that resulted in a grossly inadequate sales price.  Doc. 15 at 7.

Upon review of Plaintiff's petition, both Defendants' positions are accurate.  *See* Doc. 1-1 at 18 (petition allegation that Plaintiff wants to prevent the foreclosure).  Moreover, Plaintiff's wrongful foreclosure claim is based on the widely rejected split-the-note theory.  *See* Doc. 1-1 at

17-19; *Harris County Texas v. MERSCORP Inc.*, 791 F.3d 545, 555-56 (5th Cir. 2015) (noting that Texas courts view the note and deed as separate obligations; thus in Texas, a deed of trust gives both the lender and the beneficiary "the right to invoke the power of sale, even though it would not be possible for both to hold the note."); *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (holding that the "split-the-note" theory is inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned).  As such, this claim should be **DISMISSED**.

   *4. Quiet Title*

Plaintiff avers in her petition that she sent a notice of attempt to rescind the subject loan transaction to "the entities that have been disclosed," so she is entitled to clear title on the Property, and Defendants have no legal or equitable claim to the contrary.  Doc. 1-1 at 19.  Defendants Ocwen and Seterus argue that Plaintiff's quiet title claim must be dismissed because she cannot base her claim on the strength of her own title versus the alleged weakness of another party's title. Doc. 11 at 21; Doc. 15 at 7-8.

   To sustain a claim for quiet title, a plaintiff must show, *inter alia,* that the defendant's claim to title, although facially valid, is invalid or unenforceable.  *Sadler v. Duvall* , 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991).  Recently, a judge in this district dismissed a similar quiet title action.  *See Olaoye v. Wells Fargo Bank, N.A.*, No. 11-CV-772-Y, 2012 WL 1082307, at *3 (N.D. Tex. 2012) (Means, J.) (finding the complaint devoid of facts indicating that the plaintiff had superior title to the property and dismissing the plaintiff's suit to quiet title where the plaintiff made only a conclusory statement that he was the legal and equitable owner of the property and his theory as to why the foreclosure sale should be voided was meritless).  As in *Olaoye*, Plaintiff here supports her quiet title claim with only conclusory assertions that she is the legal and equitable

owner of the property in question since she attempted to rescind the loan transaction by sending a notice of her intent to do so to unnamed entities. As such, her quiet title claim cannot succeed on the basis of her alleged superior claim to title of the Property, and the claim should be **DISMISSED.**

    *5. Fraudulent Misrepresentation*

In her petition, Plaintiff generally alleges that "Defendants" intentionally concealed unspecified information from her both before and after closing, disguised the mortgage transaction in various ways, and engaged in a scheme to trick Plaintiff into signing documents that were later used to sell unregulated securities under fraudulent terms. Doc. 1-1 at 9-10.

Defendant Ocwen argues that Plaintiff has failed to state a claim for fraudulent misrepresentation because she makes only conclusory allegations that do not meet the required pleading standard. Doc. 11 at 15-16. Defendant Seterus adopts Defendant Ocwen's arguments by reference. Doc. 15 at 8.

Under Texas law, the elements of fraudulent misrepresentation are "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Additionally, under Federal Rule of Civil Procedure 9(b), a plaintiff must "state with particularity the circumstances constituting fraud or mistake." In the Fifth Circuit, pleading fraud with particularity requires "time, place and contents of the false representations, as well as the identity of the person making the

8

misrepresentation and what [that person] obtained thereby." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (internal quotation marks omitted).

Fraud may also arise by nondisclosure when a party with a duty to disclose facts fails to do so. *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997). Silence when there is a duty to speak may equate to a misrepresentation of material facts. *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex. 1986). A duty to speak may arise where (1) there is a fiduciary relationship; (2) one voluntarily discloses partial information, but fails to disclose the whole truth; (3) one makes a representation and fails to disclose new information that makes the earlier representation misleading or untrue; or (4) one makes a partial disclosure and conveys a false impression. *Cronus Offshore, Inc. v. Kerr McGee Oil & Gas Corp.*, 369 F.Supp.2d 848, 858 (E.D. Tex. 2004).

Defendants correctly assert that Plaintiff's allegations simply fail to meet the required standard. In her petition, Plaintiff makes only general statements about the manner in which the representations were false. She does not discuss when the representations were made, by whom the representations were made, or the time, place and contents of the false representations. FED. R. CIV. P. 9(b); *Williams*, 112 F.3d at 175; *FirstMerit Bank*, 52 S.W.3d at 758. As for any nondisclosure that may have occurred, Plaintiff again appears to be relying on the rejected split-the-note theory. *Compare* Doc. 1-1 at 9 (stating that Defendant wrongly failed to disclose that the foreclosing entities did not hold a beneficial interest in the note and deed of trust and thus had no right to receive Plaintiff's mortgage payments or to foreclose) *with* Doc. 1-1 at 17-18 (stating that if the note and deed of trust are separated, any beneficiary is divested of interest upon the transfer of the note and lacks power to foreclose). As such, Plaintiff's claim for fraudulent misrepresentation should be **DISMISSED**.

*6. Injunctive Relief*

Defendants Ocwen and Seterus assert that Plaintiff is not entitled to injunctive relief to prevent the foreclosure sale because she has not demonstrated a likelihood of success on the merits on any of her underlying claims.  Doc. 11 at 22; Doc. 15 at 8.

As Defendants correctly argue, Plaintiff has asserted no meritorious underlying cause of action upon which the injunctive relief can be based.  Doc. 8 at 3.  Injunctive relief is an "equitable remedy, not an independent cause of action," and there is no controversy when a court dismisses all underlying substantive claims.  *Puente v. CitiMortgage, Inc.*, No. 11-CV-2509, 2012 WL 4335997, at *7 (N.D. Tex. 2012) (Godbey, J.) (citing *Excel Mktg. Solutions, Inc. v. Direct Fin. Solutions, LLC*, No. 11-CV-0109, 2011 WL 1833022 at *4 (N.D. Tex. 2011) (Fitzwater, C.J.)).  Because Plaintiff has not stated a claim for substantive relief, her claims for injunctive relief fail and should be **DISMISSED**.  *Wildy v. Wells Fargo Bank, N.A.*, No. 12-CV-1831, 2013 WL 246860 at *6 (N.D. Tex. 2013) (Stickney, J).

**D.  Leave to Amend**

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so."  *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).  Plaintiff is proceeding without the assistance of counsel and has not previously been granted leave to amend her claims.  Thus, if this recommendation is accepted, Plaintiff should be given the opportunity to amend her complaint to re-plead her causes of action for wrongful foreclosure, fraudulent misrepresentation, quiet title, and injunctive relief to remedy the deficiencies noted.  See *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) (holding that dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily

unjustified).  She should not, however, be permitted to re-plead her remaining claims because they fail as a matter of law given that Plaintiff concedes they are time-barred.  *Hart*, 100 F.3d at 248 n.6.

**E.  Conclusion**

For the reasons stated above, Plaintiff's claims against Mackie Wolf should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction and Mackie Wolf's *Motion to Dismiss* should be **DENIED AS MOOT**.  Defendant Ocwen's and Defendant Seterus's *Motions to Dismiss*, Doc. 12 and Doc. 14, should be **GRANTED**, and Plaintiff's claims for (1) TILA violations; (2) FCRA violations; (3) breach of fiduciary duty; (4) unjust enrichment; (5) civil conspiracy; (6) fraud; and (7) usury should be **DISMISSED WITH PREJUDICE**.  Plaintiff's claims for (1) for wrongful foreclosure; (2) fraudulent misrepresentation; (3) quiet title; and (3) injunctive relief should be **DISMISSED WITHOUT PREJUDICE.**  If, within 21 days of the District Judge's Order accepting this recommendation, Plaintiff fails to amend her complaint to cure the deficiencies noted herein, at the re-urging of Defendants, all claims should be **DISMISSED WITH PREJUDICE** and this case closed.

**SO RECOMMENDED** on April 14, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE